City of Cincinnati, Appellee, *v.* Hill, Appellant.
[Cite as Cincinnati v. Hill (1971), 29 Ohio App. 2d 270.]

(No. 11535—Decided August 23, 1971.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. John S. Moraites,* for appellee.
*Mr. Elliot Klayman,* for appellant.

Hess, P. J.  This is an appeal from the judgment of the Hamilton County Municipal Court finding the defendant, appellant herein, guilty of assault and battery.

It appears from the record that on Friday, October 23, 1970, the defendant, William Hill, was charged by one James Simon, a member of the Cincinnati Police Department, with having committed an assault and battery on the person of James Simon and with disorderly conduct.  On Saturday, October 24, 1970, the defendant, hereinafter referred to as Hill, was brought to trial on such charges. Hill pleaded not guilty to the charges, went to trial without the services of an attorney, and was convicted and sentenced on both charges.  On Saturday, October 24, 1970, after his conviction, Hill obtained an attorney who filed a motion for a new trial which was heard by the trial court on Wednesday, October 28, 1970.  The trial court granted the motion for a new trial and set the date for such trial as Saturday, October 31, 1970, over the objection of counsel for Hill who requested a continuance until November 17, 1970.  This request for a later trial date was refused.

On Wednesday, October 28, 1970, after the motion for a new trial had been granted, Hill presented a demand for a jury to the Clerk of Courts, but the Clerk of Courts refused to receive and file the demand. The following day, Thursday, October 29, 1970, the Clerk of Courts did receive and file the demand for a jury. On the same day, the trial court was advised in chambers that the demand for a jury had been filed, and another request for a continuance of the case set for trial on October 31, 1970, was made to and refused by the court.

When the case was called for trial on Saturday, October 31, counsel for Hill again called attention to the jury demand and requested a continuance. The court ordered the trial to proceed. After the court ordered the case to proceed, Hill suggested that the trial court who previously had found Hill guilty and granted a new trial should not re-try Hill. This request for another judge was granted and another member of the court was called and proceeded with trial.

Before any evidence was presented, counsel for Hill again moved for a continuance and that the demand for a jury be honored. The requests were overruled, the case proceeded to trial over the objection of Hill who was found guilty of assault and battery, and not guilty of disorderly conduct. Sentence was then imposed.

It is from this state of the record that this appeal is taken. The defendant, Hill, presents three assignments of error: (1) "Defendant was denied due process of law when his request for jury trial was rejected, although he had filed a jury demand in strict compliance with Ohio Revised Code, Section 2938.04"; (2) "The defendant was denied equal protection of the law when his request for a jury trial was rejected although he filed a jury demand in strict compliance with Ohio Revised Code Section 2938.04"; and (3) "The refusal to grant a continuance, at arraignment, to the defendant was an abuse of discretion in contravention of court rules and statutory provisions."

The first and second assignments of error present the same issue of whether the demand for a jury presented to and refused by the Clerk of Courts on Wednesday, Octo-

ber 28, 1970, and accepted by the Clerk of Courts on Thursday, October 29, 1970, is in compliance with R. C. 2938.04.

R. C. 2945.17 provides:

"At any trial, in any court, for the violation of any statute of this state, or any ordinance of any municipal corporation, except in cases in which the penalty involved does not exceed a fine of fifty dollars, the accused has the right to be tried by a jury."

R. C. 2938.04, provides as follows:

"In courts of record right to trial by jury as defined in Section 2945.17 of the Revised Code shall be claimed by making demand in writing therefor and filing the same with the clerk of the court not less than three days prior to the date set for trial or on the day following receipt of notice, whichever is the later. Failure to claim jury trial as provided in this section is a complete waiver of right thereto. * * *"

On October 23, 1970, the defendant was arrested on the charges of assault and battery. He was tried and convicted on October 24, 1970. A motion for a new trial was heard and granted on October 28, 1970, and the court continued the case to October 31, 1970 for a new trial. A demand for a jury was filed on October 29, 1970. The trial court refused to grant the request for a jury trial on the ground it had not been filed three days before the date set for trial as required by R. C. 2938.04. Since the trial date was October 31, 1970, three days before would have been October 27, 1970. On October 27, the motion for a new trial was pending before the court. That motion was heard and granted on October 28, 1970, which date was within the three days before the re-trial date set by the court. By setting the date for the second trial within the three days after the granting of a new trial, the court precluded the defendant from complying with R. C. 2938.04. However, this section further provides that a demand for a jury may be filed "not less than three days prior to the date set for trial or on the day following receipt of notice, whichever is the later." Receipt of notice of the second trial was not given to Hill until October 28, 1970, and by virtue of

the statute Hill would have been within time if he had filed his demand for a jury on October 29, 1970.

The defendant was deprived of his right to a jury by the action of the court and not by reason of any dereliction of duty on his behalf. We conclude the court committed error prejudicial to the defendant in refusing to grant the demand for a jury.

Coming on to consider the third assignment of error, it is evident from the record that the trial court erred in refusing to grant the defendant a reasonable continuance after the motion for a new trial had been granted.

The judgment of the trial court is reversed and this cause is remanded to the Hamilton County Municipal Court for trial with a jury.

*Judgment reversed and cause remanded.*

YOUNG and SHANNON, JJ., concur.